IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR BARRERA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| CITY OF CHICAGO POLICE ) | |
| OFFICERS MONTY CASSIDY, STAR ) | Complaint for Violation of Civil Rights and |
| NO. 14227, DANNY TALIYA, STAR ) | Supplemental Claims |
| NO. 14276, PEDRO RODRIGUEZ, STAR ) | |
| NO. 16573, AND THE CITY OF ) | |
| CHICAGO, ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff VICTOR BERRERA (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officers MONTY CASSIDY, STAR NO. 14227, DANNY TALIYA, STAR NO. 14276, PEDRO RODRIGUEZ, STAR NO. 16573, were employed by the City of Chicago Police Department,

1

and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. On or about May 4, 2015, at approximately 2:20 PM, Plaintiff was lawfully in his car, at or around 3074 W Palmer, Chicago, IL.

7. At that day and time defendant Officer Monty approached Plaintiff in his vehicle and asked Plaintiff to exit his vehicle.

8. Before Plaintiff had a chance to exit the vehicle, Defendant Officers Cassidy and Taliya began to use excessive force Plaintiff and struck Plaintiff while pulling Plaintiff out of his car.

9. Defendant Officer Taliya then unreasonably and unnecessarily discharged pepper spray into Plaintiff's eyes.

10. Defendant Rodriguez arrived to the scene and then proceeded to unnecessarily and unreasonably tase Plaintiff.

11. There was no legal or probable cause to arrest Plaintiff for any crime.

12. There was no legal cause to seize Plaintiff.

13. There was no legal cause for any defendant to use any force against Plaintiff.

14. Plaintiff was transported to the hospital and then to jail where he was imprisoned.

15. Defendant Officers Monty and Taliya caused Plaintiff to be charged with possession of heroin and resisting arrest.

16. All criminal charges against Plaintiff were dismissed on or about February 9, 2016.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

18. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE

20. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

21. During and immediately after Plaintiff's seizure, Defendants and each of them used excessive force against Plaintiff's person as described above.

22. There was no legal cause for Defendants to use force against Plaintiff.

23. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

24. The physical violence inflicted upon Plaintiff, was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANTS CASSIDY, TALIYA AND THE CITY OF CHICAGO FOR THE SUPPLEMENATAL CLAIM OF MALICIOUS PROSECUTION**

25. Plaintiff incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

26. Defendant Officers Cassidy and Taliya caused a criminal prosecution to commence and/or continue against Plaintiff.

27. The Defendants employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of the charge of resisting arrest. Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

28. The Defendants identified in this Count initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, coercing false criminal complaints, ignoring exculpatory evidence and/or by preparing false witness statements.

29. The criminal proceedings were terminated in the plaintiff's favor on or about February 9, 2016.

30. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

31. Therefore, the above named defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:  s/ Edward M. Fox
 ED FOX & ASSOCIATES, LTD.
 Attorneys for Plaintiff
 300 West Adams, Suite 330
 Chicago, Illinois 60606
 (312) 345-8877
 efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/Edward M. Fox
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams, Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  efox@efoxlaw.com