IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BARRERA, | ) | |
| Plaintiff, | ) | Case No. 2016 C 10779 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO POLICE OFFICERS | ) | |
| MONTY CASSIDY, STAR NO. 14227, | ) | |
| DANNY TALIYA, STAR NO. 14276, | ) | |
| PEDRO RODRIGUEZ, STAR NO. 16573, | ) | |
| And THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT.
JURY DEMAND AND AFFIRMATIVE DEFENSES**

Defendants City of Chicago Police Officers Monty Cassidy, Star No. 14227 ("Defendant Cassidy"), Danny Taliya, Star No. 14276 ("Defendant Taliya"), Pedro Rodriguez, Star No. 16573 ("Defendant Rodriguez") (collectively, "Defendant Officers"), by one of their attorneys, Raoul Vertick Mowatt, Assistant Corporation Counsel, and the City of Chicago ("the City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, (collectively, "Defendants"), for their joint answer to Plaintiff's Complaint, jury demand and affirmative defenses, state as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

**ANSWER:** Defendants admit that this action purportedly arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983) but deny any wrongdoing. Defendants admit that jurisdiction is proper.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is proper, but deny any wrongdoing.

## PARTIES

3. At all times herein mentioned, Plaintiff VICTOR BERRERA (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the allegations contained in this paragraph. Upon information and belief, the City admits Plaintiff Victor Barrera was within the jurisdiction of this court on the date of his arrest, May 4, 2015. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

4. At all times herein mentioned Defendants City of Chicago Police Officers MONTY CASSIDY, STAR NO. 14227, DANNY TALIYA, STAR NO. 14276, PEDRO RODRIGUEZ, STAR NO. 16573, were employed by the City of Chicago Police Department, and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

6. On or about May 4, 2015, at approximately 2:20 PM, Plaintiff was lawfully in his car, at or around 3074 W Palmer, Chicago, IL.

**ANSWER:** Defendants admit that on May 4, 2015 at approximately 2:20 p.m., Plaintiff was in his car at or around 3074 West Palmer Boulevard in Chicago, Illinois. Defendants deny the remaining allegations contained in this paragraph.

7. At that day and time defendant Officer Monty approached Plaintiff in his vehicle and asked Plaintiff to exit his vehicle.

**ANSWER:** Defendants Cassidy and Taliya deny the allegations contained in this paragraph, and aver that Defendant Taliya approached Plaintiff asked Plaintiff to exit his vehicle. Upon information and belief, the City denies the allegations contained in this paragraph, and avers that Defendant Taliya approached Plaintiff asked Plaintiff to exit his vehicle. Defendant Rodriguez lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Before Plaintiff had a chance to exit the vehicle, Defendant Officers Cassidy and Taliya began to use excessive force Plaintiff and struck Plaintiff while pulling Plaintiff out of his car.

**ANSWER:** Defendants Cassidy and Taliya deny the allegations contained in this paragraph. Upon information and belief, the City denies the allegations contained in this paragraph. Defendant Rodriguez lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendant Officer Taliya then unreasonably and unnecessarily discharged pepper spray into Plaintiff's eyes.

**ANSWER:** Defendants Taliya and Cassidy admit that Defendant Taliya discharged O.C. spray to Plaintiff's face, but deny the remaining allegations contained in this paragraph. Upon information and belief, Defendant Rodriguez and the City admit that Defendant Taliya discharged O.C. spray to Plaintiff's face, but deny the remaining allegations contained in this paragraph.

10. Defendant Rodriguez arrived to the scene and then proceeded to unnecessarily and unreasonably tase Plaintiff.

**ANSWER:** Defendants Taliya, Cassidy, and Rodriguez admit that Defendant Rodriguez arrived on scene and discharged his Taser at Plaintiff, but deny the remaining allegations

contained in this paragraph. Upon information and belief, the City admits that Defendant Rodriguez arrived on scene and discharged his Taser at Plaintiff, but denies the remaining allegations contained in this paragraph.

   11.  There was no legal or probable cause to arrest Plaintiff for any crime.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

   12.  There was no legal cause to seize Plaintiff.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

   13.  There was no legal cause for any defendant to use any force against Plaintiff.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

   14.  Plaintiff was transported to the hospital and then to jail where he was imprisoned.

**ANSWER:**  Upon information and belief, Defendants admit that Plaintiff was transported to a hospital and then to lockup. Defendants deny the remaining allegations contained in this paragraph.

   15.  Defendant Officers Monty and Taliya caused Plaintiff to be charged with possession of heroin and resisting arrest.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

   16.  All criminal charges against Plaintiff were dismissed on or about February 9, 2016.

**ANSWER:**  Upon information and belief, Defendants admit that on February 9, 2016, the remaining criminal charges against Plaintiff arising from his May 4, 2016 arrest were stricken with leave to reinstate. Defendants deny the remaining allegations contained in this paragraph.

   17.  By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

18. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
**PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE**

20. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate and restate their answers to paragraphs 1-19 as though fully set forth herein.

21. During and immediately after Plaintiff's seizure, Defendants and each of them used excessive force against Plaintiff's person as described above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22. There was no legal cause for Defendants to use force against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

23. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

24. The physical violence inflicted upon Plaintiff, was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT II
### PLAINTIFF AGAINST DEFENDANTS CASSIDY, TALIYA AND THE CITY OF CHICAGO FOR THE SUPPLEMENATAL CLAIM OF MALICIOUS PROSECUTION

25. Plaintiff incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate and restate their answers to paragraphs 1-19 as though fully set forth herein.

26. Defendant Officers Cassidy and Taliya caused a criminal prosecution to commence and/or continue against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

27. The Defendants employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of the charge of resisting arrest. Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

28. The Defendants identified in this Count initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, coercing false criminal complaints, ignoring exculpatory evidence and/or by preparing false witness statements.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. The criminal proceedings were terminated in the plaintiff's favor on or about February 9, 2016.

**ANSWER:** Defendants admit that the criminal proceedings were terminated on February 9, 2016, but deny that the criminal proceedings were terminated in a manner indicative of Plaintiff's innocence.

30. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of respondeat superior.

**ANSWER:** The City states that this paragraph contains an incomplete, inaccurate and/or misleading statement of the law, and is therefore denied. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the statements contained in this paragraph.

31. Therefore, the above named defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendants Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants Officers could have believed his actions to be lawful, in light of clearly established law and the information that Defendants Officers therefore are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

4. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, the City is not liable to Plaintiff if its employees or agents are not liable. 745 ILCS 10/2-109.

5. Defendants Officers are absolutely immune from civil liability for any claim that they committed, or conspired to commit, perjury in the course of their testimony during the judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012); *see also Khorrami v. Rolince*, 539F.3d 782, 789 (7th Cir. 2008) (noting that the Seventh Circuit has recognized that absolute immunity extends to a police officer's participation in pretrial proceedings).

6. The City is not liable to plaintiff for any federal claim for which its employees or agents are not liable to plaintiff. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

7. Plaintiff is not entitled to attorney's fees for his state law claims. See *Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

8. As to all state law claims, the Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because public employees are not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2008).

Respectfully submitted,

/s/ Raoul Vertick Mowatt
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602

(312) 744-3283
(312) 744-6566 (FAX)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BARRERA, | ) | |
| Plaintiff, | ) | Case No. 2016 C 10779 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO POLICE OFFICERS | ) | |
| MONTY CASSIDY, STAR NO. 14227, | ) | |
| DANNY TALIYA, STAR NO. 14276, | ) | |
| PEDRO RODRIGUEZ, STAR NO. 16573, | ) | |
| And THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Edward M. Fox
Ed Fox & Associates
300 W. Adams, Suite 330
Chicago, IL 60606

**PLEASE TAKE NOTICE** that on this 3rd day of February, 2017, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown 3rd day of February, 2017.

s/ Raoul Vertick Mowatt
Assistant Corporation Counsel